IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

NOBLE ALI BEY,
    Plaintiff,

v.                                                              Civil No. 3:20cv918 (DJN)

ROBERT R. MICHAEL, *et al.*,
    Defendant.

**MEMORANDUM OPINION**

Plaintiff Noble Ali Bey, proceeding *pro se*, brings this action, alleging that Defendants Dean Liverman ("Liverman"), Wells Fargo Bank, N.A. ("Wells Fargo"), BWW Law Group, LLC ("BWW") and Robert R. Michael ("Michael") have violated various state and federal laws related to the foreclosure of a property for which Plaintiff serves as trustee. This matter comes before the Court on the Motions to Dismiss filed by Defendants BWW and Michael (ECF No. 12) and Defendants Wells Fargo and Liverman (ECF No. 14).

For the following reason, the Court hereby GRANTS Defendants' Motions to Dismiss (ECF Nos. 12, 14), and DISMISSES WITH PREJUDICE Plaintiff's Complaint.

## I.    BACKGROUND

### A.    Factual Background

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true the well-plead factual allegations set forth in Plaintiff's pleadings. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Additionally, "the Court may consider the facts alleged on the face of the complaint, as well as matters of public record, orders, items appearing in the record of the case,

and exhibits attached to the complaint." *Silverman v. Town of Blackstone, Va.*, 843 F. Supp. 2d 628, 631 (E.D. Va. 2012) (internal citations omitted).

Plaintiff filed a Complaint on December 1, 2020, alleging that property located at 13301 Blue Heron Loop, Chesterfield, Virginia 23838 (the "Property"), had been wrongfully foreclosed upon. (Compl. at 1.) However, beyond this fact, the allegations in Plaintiff's Complaint and the documents provided with Plaintiff's Complaint appear largely nonsensical and contradictory. Plaintiff provides a deed of trust with the Complaint that was executed on May 25, 2005, between an individual named Sandeep Kaur and GreenPoint Mortgage Funding, Inc. ("GreenPoint Deed of Trust" (ECF No. 1-2) at 2.) However, he also provides a notice of trustee sale, which gives notice of the foreclosure sale of the Property, stating that it is subject to a mortgage entered into on June 22, 2007. ("Notice of Trustee Sale" (ECF No. 1-4) at 1.) Moreover, Plaintiff never explains why GreenPoint is not a party to this action even though Plaintiff repeatedly references this entity throughout his Complaint. (Compl ¶¶ 13.1, 15.2.)

Defendants BWW and Michael provide an alternative deed of trust that was executed on June 22, 2007, between Sandeep Kaur and Suntrust Mortgage, Inc. that they believe represents that actual deed of trust that is relevant to this action. ("Suntrust Deed of Trust" (ECF No. 13-1) at 1.) That deed of trust names Mortgage Electronic Registration Systems, Inc. ("MERS") as the intended beneficiary. (Deed of Trust at 2.) According to a publicly recorded document attached to Defendants Liverman and Wells Fargo's pleadings, MERS assigned the Deed of Trust to Wachovia Bank National Association on October 4, 2012. ("Corporate Assignment" (ECF No. 15-1) at 1.) Wells Fargo represents the successor by merger to Wachovia. (Compl. ¶ 15.3.)

However, Plaintiff alleges that monthly payments on the mortgage loan were made to both GreenPoint Mortgage Funding, Inc., and Suntrust Mortgage, Inc. (Compl. ¶¶ 15.2-15.3.)

2

Plaintiff then claims that in early 2020, despite these regular payments, Wells Fargo, as successor by merger to Wachovia Bank, "claimed that the plaintiff was behind on payments and hired Foreclosure attorneys BWW Law Group, LLC" to commence foreclosure proceedings. (Compl. ¶ 15.3.) It proves unclear whether "the plaintiff" that Plaintiff refers to represents himself, Noble Ali Bey, or Kaur, the original mortgagor. On November 30, 2020, Kaur executed a deed of gift, conveying the Property to "noble ali bey, trustee of 13301 BLUE HERON LOOP IRREVOCABLE TRUST, a religious organization." ("Deed of Gift" (ECF No. 1-3) at 1.) According to the documentation provided by Plaintiff, a trustee's sale of the Property was scheduled to occur on December 14, 2020. (Notice of Trustee Sale at 1.)

Plaintiff claims that the Court should void the foreclosure of the Property because (1) "the foreclosure was initiated by a party without standing;" (2) "defendant did not have legal authority to sign the notice of default letter on behalf of the trustee;" (3) "defendants violated Federal Laws and the provisions defined in 15 U.S.C. § 1692(e) false or misleading representations while collecting a debt;" (4) "defendants wrongfully foreclosed on the . . . property and violated the Truth in Lending Act, Regulation Z, 12 CFR § 226.23, breached the contract, and slandered the title." (Compl. at 1-2.)

The Complaint asserts eight causes of action based on these allegations: (1) Wrongful Foreclosure; (2) a Violation of the Fair Debt Collection Practices Act ("FDCPA"); (3) a Violation of the Truth in Lending Act ("TILA"); (4) Breach of Contract; (5) a Violation of Federal Trust and Lien Laws; (6) Slander of Title; (7) Slander of Credit; and (8) Infliction of Emotional Distress. (Am. Compl. at 16-17.) Plaintiff asks the Court to vacate the foreclosure of the Property, discharge the alleged debt and award him declaratory relief and compensatory, punitive and consequential damages. (Am. Compl. at 17-18.)

3

### B. Defendants' Motions to Dismiss

On January 5, 2021, Defendants BWW and Michael filed a Motion to Dismiss (ECF No. 12) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of their Motion, BWW and Michael assert several arguments as to Plaintiff's standing, including their argument that Plaintiff lacks standing to sue in a *pro se* capacity on behalf of a trust. (Mem. in Supp. of Mot. to Dismiss of BWW and Michael ("BWW's Mem.") (ECF No. 13) at 4-10.) Additionally, BWW and Michael contend that the Complaint's "lack of standing" to foreclose argument fails because Virginia has a non-judicial foreclosure process. (BWW's Mem. at 10.) Finally, they assert that, regardless of any standing issues, the Complaint does not contain sufficient factual allegations to support any of the claims. (BWW's Mem. at 12-13.) Plaintiff never responded to this Motion.

On February 4, 2021, Defendants Liverman and Wells Fargo Bank filed a Motion to Dismiss (ECF No. 14) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). In support of their Motion, Liverman and Wells Fargo make similar arguments, including that Plaintiff lacks standing to assert any of the causes of action named in the Complaint and that, regardless of the standing issues, Plaintiff has failed to plausibly allege facts sufficient to support any of these claims. (Mem. in Supp. of Mot. to Dismiss of Liverman and Wells Fargo ("Liverman's Mem.") (ECF No. 15) at 5-16.) Plaintiff also never responded to this Motion.

### II. STANDARD OF REVIEW

A motion made pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the court's jurisdiction over the subject matter of the complaint. A defendant moving for dismissal for lack of subject matter jurisdiction may either attack the complaint on its face, asserting that the complaint "fails to allege facts upon which subject matter jurisdiction can be based," or, may

4

attack "the existence of subject matter jurisdiction in fact, quite apart from any pleadings." *White v. CMA Const. Co., Inc.*, 947 F. Supp. 231, 233 (E.D. Va. 1996) (internal citations omitted). In either case, the plaintiff bears the burden of proof to establish jurisdiction. *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint or counterclaim; it does not serve as the means by which a court will resolve contests surrounding the facts, determine the merits of a claim or address potential defenses. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a motion to dismiss, the Court will accept a plaintiff's well-pleaded allegations as true and view the facts in a light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

Under the Federal Rules of Civil Procedure, a complaint or counterclaim must state facts sufficient to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). As the Supreme Court opined in *Twombly*, a complaint or counterclaim must state "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," though the law does not require "detailed factual allegations." *Id.* (citations omitted). Ultimately, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," rendering the right "plausible on its face" rather than merely "conceivable." *Id.* at 555, 570. Thus, a complaint or counterclaim must assert facts that are more than "merely

5

consistent with" the other party's liability. *Id.* at 557. And the facts alleged must be sufficient to "state all the elements of [any] claim[s]." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002) and *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

### III.  ANALYSIS

The Court affords *pro se* complaints a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 (4th Cir. 2006). However, the Court need not attempt "to discern the unexpressed interest of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990) (affirming dismissal of certain claims brought by *pro se* plaintiff despite liberal construction). As explained by the Fourth Circuit, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985). Even construing Plaintiff's Amended Complaint liberally as the Court must, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted.

Plaintiff Noble Ali Bey lacks standing to bring the instant suit as, according to his pleadings, he constitutes the trustee of the Property. A trustee cannot represent a trust *pro se* in federal court. *See Chien v. Commonwealth Biotechnologies, Inc.*, 484 B.R. 659, 666 (E.D. Va. 2012) ("[I]t is well settled that a trustee cannot represent the 'trust' *pro se*, as the trustee is not the 'real party in interest.'"). Indeed, an individual's right to appear on his own behalf constitutes a privilege personal to him. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . ."); *C.E. Pope*

6

*Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) ("Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him."). This privilege does not give him authority to appear as an attorney for another. *Brown v. Ortho Diagnostic Sys., Inc.*, 868 F. Supp. 168, 171-72 (E.D. Va. 1994) (explaining the purposes behind the "near uniform proscription on non-lawyers representing others in court").

A trustee's status represents one of a fiduciary to the trust, and his duties as trustee include administration of the trust's assets. *See Cent. States, Southeast and Southwest Areas Pension Fund v. Cent. Transp., Inc.*, 472 U.S. 559, 572 (1985) ("One of the fundamental common-law duties of a trustee is to preserve and maintain trust assets . . ."). Therefore, it cannot be said that he appears on his *own* behalf when he attempts to assert claims on behalf of the trust as he does not represent the "real party in interest." *Chien*, 484 B.R. at 666. Consequently, "[a] trustee appearing in a solely representative capacity requires a lawyer in federal court." *Id.* (internal citations omitted); *see also Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir.1994) ("A nonlawyer, such as these purported 'trustee(s) pro se' has no right to represent another entity, i.e., a trust, in a court of the United States."); *C.E. Pope Equity Tr.*, 818 F.2d at 697–98 ("Because [a trustee of the plaintiff trust] is not the actual beneficial owner of the claims being asserted by the Trusts (so far as one can tell from the record), he cannot be viewed as a 'party' conducting his '*own* case personally' within the meaning of [28 U.S.C. § ] 1654. He may not claim that his status as trustee includes the right to present arguments *pro se* in federal court."). For these reasons, the Court must dismiss Plaintiff's Complaint with prejudice.

However, the Court also notes that, regardless of the standing issues in this case, the Complaint has failed to state a claim upon which relief can be granted, as the Complaint and the

allegations contained therein prove largely incomprehensible and contradictory. Even affording the Complaint a liberal construction, the disjointed compilation of vague factual allegations and indeterminate legal claims offers little guidance to the Court as to what relief Plaintiff is actually seeking or on what facts he bases his claims for relief. In fact, a number of courts have already encountered complaints with similar — if not exact[1] — phrases and ambiguous theories of recovery and determined that they do not meet the requisite pleading standard to survive a motion to dismiss. *See Hill v. SouthLaw PC*, 2020 WL 836728, at *4 (D. Neb. Feb. 20, 2020) (describing similar complaint as consisting "largely of threadbare recitals of the elements of [a cause of action], supported by conclusory statement rather than factual allegations"); *Castro v. Pascual*, 2020 WL 733127, at *2 (N.D. Cal. Feb. 13, 2020) (describing similar complaint as "rambling" and "nonsensical"); *Lee v. Aldridge Pite*, 2019 WL 8277255, at *2 (N.D. Ga. Dec. 16, 2019) (describing similar claims as "rang[ing] from straightforward to inexplicable"). This lack of comprehensible factual allegations in the Complaint fails to give Defendants fair notice of what Plaintiff's claims are and the grounds upon which they rest. Therefore, they cannot survive Defendants' Motions to Dismiss.

### IV. CONCLUSION

For these reasons, the Court hereby GRANTS Defendants' Motions to Dismiss (ECF

---

[1] Based on these similarities and the frequency of their appearance in other cases, it appears that Plaintiff has either cut and paste the allegations from other complaints or downloaded a form complaint from the internet.

Nos. 12, 14) and DISMISSES WITH PREJUDICE Plaintiff's Complaint.

An appropriate order will issue.

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

                                                                                    /s/
                                                    David J. Novak
                                                    United States District Judge

Richmond, Virginia
Dated: March 8, 2021